IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15 CR 358 |
| | ) | Judge Jack Zouhary |
| YAHYA FAROOQ MOHAMMAD, | ) | |
| IBRAHIM ZUBAIR MOHAMMAD, | ) | |
| ASIF AHMED SALIM, | ) | |
| SULTANE ROOME SALIM, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT YAHYA FAROOQ MOHAMMAD'S MOTION FOR
A HEARING CONCERNING CO-CONSPIRATOR STATEMENTS**

Defendant, **YAHYA FAROOQ MOHAMMAD**, by his attorneys, **THOMAS ANTHONY DURKIN** and **JOHN CZARNECKI**, respectfully moves this Court, pursuant to Rules 801(d)(2)(E) & 104(a) of the Federal Rules of Evidence, the Due Process and Confrontation Clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as the principles announced in *Bourjaily v. United States*, 438 U.S. 171 (1987), *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978), and *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979), for a pretrial evidentiary hearing; or, in the alternative, (2) a formal written proffer by the government that permits the Court to determine preliminarily, and prior to the impaneling of the jury or the swearing of the first witness, the admissibility of co-conspirator statements against him so as to insure against the risk of a mistrial, and not so prejudice Defendant into having to defend a second case.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.  On September 30, 2015, Defendants were charged in a seventy-two page, four-

count Indictment with: (1) Conspiracy to Provide and Conceal Material Support and Resources to Terrorists in violation of 18 U.S.C. § 2339A; (2) Providing Material Support and Resources to Terrorists in violation of 18 U.S.C. § 2339A and 2; (3) Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349; and, (4) Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k).

2. The conspiracies alleged in Counts One, Three and Four each allege that the defendants conspired with those "known and unknown" to the jury; and, in addition to the four named defendants, the Indictment refers to and provides considerable hearsay statements from Anwar al-Awlaki, three unnamed "Unindicted Co-Conspirators" (#1, #2, #3), and four unnamed "Individuals" (Ind. A, B, C & D).

3. Given the conspiracy charges, the hearsay statements included in the Indictment, the discovery received to date, and the large number of conspirators and uncharged co-conspirators, it appears that the government will seek to introduce co-conspirator statements in its case-in-chief.

4. Pursuant to F.R.E. 801(d)(2)(E), a statement of a co-conspirator made during the course of and in furtherance of a conspiracy is not hearsay if offered against a party. In *Enright*, the Sixth Circuit held that to admit co-conspirator statements pursuant to 801(d)(2)(E) the district court must find by a preponderance of the evidence: (1) a conspiracy existed that the defendant was involved in; (2) the declarant and the defendant participated in the conspiracy when the hearsay statement was made; and, (3) the statement was in furtherance of the conspiracy. *Enright*, 579 F.2d at 985.

5. F.R.E. 104(a) requires preliminary questions concerning the admissibility of evidence, including co-conspirators' statements, to be determined by the court. In *Vinson*, the

Sixth Circuit declined to adopt "hard and fast procedures" for the determination of the admissibility of co-conspirators' statements, instead holding that "[a] trial judge should have considerable discretion in controlling the mode and order of proof at trial." *Vinson*, 606 F.2d at 152. "One acceptable method is the so-called mini hearing in which the court, without a jury, hears the government's proof of conspiracy and makes the preliminary *Enright* finding." *Id*. (internal quotations omitted). Though at times an "uneconomic" procedure, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." *Id*.

6. As an alternative to the "mini-hearing" a trial court can also require the government to meet its initial burden by producing the non-hearsay evidence of conspiracy before making a finding, thereby avoiding the dangers of "injecting the record with inadmissible hearsay in anticipating of proof which never materializes." *Id*. at 152, 153 (quoting *United States v. Macklin*, 573 F.2d 1049 (8th Cir. 1978)); *see also*, *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1987) (the preferred method in the Seventh Circuit for the government to make its preliminary co-conspirator factual showing is by the filling of a pretrial written proffer of the government's evidence). A trial court may also admit hearsay statements subject to later demonstration of their admissibility. *Id*. However, if the government fails to meet its burden, the court must declare a mistrial—thereby wasting considerable judicial resources. *Id*.

7. This issue surrounding the nature, scope, and participants in the alleged conspiratorial agreement is all the more heightened in a case of this nature involving serious issues surrounding Defendant's exercise of his First Amendment privileges. *See*, Defendant's Motion for Inspection of Grand Jury Minutes filed simultaneously herewith.

Respectfully submitted,

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**

/s/ John Czarnecki
**JOHN CZARNECKI**,
Attorneys for Defendant Yahya Farooq Mohammad.

**DURKIN & ROBERTS**
2446 North Clark Street
Chicago, Illinois 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
Illinois Bar Number: 0697966

**SPENGLER NATHANSON P.L.L.**
Four SeaGate, Suite 400
Toledo, OH 43604
Tel: 419-252-6251
Fax: 419-241-8599
jczarnecki@snlaw.com
Ohio Bar Number: 0013058

# CERTIFICATE OF SERVICE

       Thomas Anthony Durkin, Attorney at Law, hereby certifies that the foregoing Defendant Yahya Farooq Mohammad's Motion for a Hearing Concerning Co-Conspirator Statements was served on May 9, 2016, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.1, and LCrR 49.2, pursuant to the district court's system as to ECF filers.

       /s/ Thomas Anthony Durkin
       **THOMAS ANTHONY DURKIN**
       2446 N. Clark Street
       Chicago, Illinois 60614
       (312) 981-0123
       tdurkin@durkinroberts.com