# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15 CR 358 |
| ) | Judge Edmund A. Sargus Jr. |
| YAHYA FAROOQ MOHAMMAD, ) | |
| IBRAHIM ZUBAIR MOHAMMAD, ) | |
| ASIF AHMED SALIM, ) | |
| SULTANE ROOME SALIM, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT YAHYA FAROOQ MOHAMMAD'S SUPPLEMENTAL MOTION FOR DISCLOSURE RELATED TO THE FISA AMENDMENTS ACT (FAA)

Defendant, **YAHYA FAROOQ MOHAMMAD**, by his attorneys, **THOMAS ANTHONY DURKIN, ROBIN V. WATERS,** and **JOHN CZARNECKI**, respectfully moves this Court, pursuant to Fed. R. Crim. P. 16, the Due Process and Effective Assistance of Counsel clauses of the Fifth, and Sixth Amendments to the Constitution of the United States, as well as the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Agurs v. United States*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1986), to supplement their Motion for Notice and Additional Discovery Regarding Surveillance Techniques (Dkt. # 131) for an order requiring the government to disclose documents and materials concerning the Government's surveillance of Defendant, pursuant to Section 702 of the FISA-Amendments Act ("FAA"), 50 U.S.C. §1881a, including applications, certifications, orders, and directives related to that surveillance, as well as the application targeting and minimization procedures (collectively, "FAA Materials").

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.      On August 24, 2016, undersigned counsel filed a Motion for Notice and Additional Discovery Regarding Surveillance Techniques (Dkt. # 131). In that motion, undersigned counsel specifically requested for an order requiring the government to provide notice of: (1) each surveillance technique it used to obtain information about Defendant's communications or activities in its investigation; (2) the timing or duration of that surveillance; (3) the legal authority relied upon; and, (4) the evidence obtained or derived from that surveillance. The Government has yet to respond to this motion.

2.      Undersigned counsel made a request of Assistant United States Attorney Matthew Shepherd, and his office respectfully declined to produce the information voluntarily. Mr. Shepherd indicated to undersigned counsel in a telephone call on September 16, 2016 that counsel could so represent this fact to the Court.

3.      Counsel have learned that on August 11, 2016, the Government, through the Office of the Director of National Intelligence, released the 2015 Section 702 FAA Minimization Procedures for the NSA,[1] CIA,[2] FBI[3] and National Counterterrorism Center (NCTC).[4] These procedures set forth the rules that control how the government may retain, use and disseminate information once it is collected under the FAA—rules that directly affect the reasonableness of this warrantless surveillance.

4.      Moreover, the Foreign Intelligence Surveillance Court (FISC) approved these minimization procedures in an opinion dated November 6, 2015, which was declassified on April 19, 2016.[5] Interestingly, in approving the minimization procedures, the FISC held that the

---

[1] A copy is attached hereto as Exhibit A.
[2] A copy is attached hereto as Exhibit B.
[3] A copy is attached hereto as Exhibit C.
[4] A copy is attached hereto as Exhibit D.
[5] A copy is attached hereto as Exhibit E.

2

minimization procedures are consistent with the Fourth Amendment, and rejected the counter-arguments of the appointed amicus to the court. *See* Ex. E, pg. 30-44. Despite finding that these general procedures are consistent with the Fourth Amendment, the opinion cites numerous incidents of non-compliance by the intelligence agencies and, in particular, admonishes the NSA for explicitly disregarding them. *See* Ex. E, pg. 45-78.

5. Undersigned counsel has also learned that, in other national security cases, prosecutors have disclosed information about the use of the so-called PRISM or Upstream programs which are used in connection with Section 702 of the FAA. *See United States v. Mohamud*, No. 14-30217, (9th Cir.), Dkt. #109 (stating specifically that Upstream was not involved in the surveillance in this case, and that Defendant was not targeted under Section 702);[6] *see also United States v. Hasbajrami*, No. 11-CR-623 (JG), 2016 WL 1029500, at *7 (E.D.N.Y. Mar. 8, 2016) (repeating the Government's admission that they "conducted the disputed surveillance in this case under the PRISM program.")

6. With these recent disclosures in mind, the Court should compel the prosecutors in this case to release all of the FAA materials used in specifically targeting Defendant. This information is critical to determining the lawfulness of the surveillance, and is certainly necessary in order to fully and comprehensively litigate the suppression of any evidence obtained in this case under the FAA. Disclosure of the FAA Materials is required not only by FISA, *see* 50 U.S.C. § 1806(f), but also by the Fourth and Fifth Amendments, which guarantee defendants a meaningful opportunity to seek the suppression of evidence that was obtained unlawfully. *See Brady v. Maryland*, 373 U.S. 83 (1963).

---

[6] A copy is attached hereto as Exhibit F.

7. Counsel submit that the prosecutors or the Intelligence Agencies should not be permitted to make blanket assertions that release of any information relating to Section 702 of the FAA would harm national security. Such a blanket proposition is clearly undermined by its very disclosure of the most recent general minimization procedures in the first instance, and the FISC opinion approving them. *See* Ex. A-E. A similar disclosure, specific to this case, should be required when, as the FISC analyzed in its opinion, these minimization procedures are critical to determining whether the surveillance was consistent with the Fourth Amendment. At a minimum, counsel would suggest that the prosecutors should be required to make a disclosure of the FAA materials that is comparable to the information that has already disclosed the public.

Respectfully submitted,

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN,**

/s/ Robin V. Waters
**ROBIN V. WATERS,**

/s/ John Czarnecki
**JOHN CZARNECKI**,
Attorneys for Defendant Yahya Farooq Mohammad.

4

**DURKIN & ROBERTS**
2446 North Clark Street
Chicago, Illinois 60614
Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com
rwaters@durkinroberts.com
Illinois Bar Number: 0697966
Illinois Bar Number: 6317340

**SPENGLER NATHANSON P.L.L.**
Four SeaGate, Suite 400
Toledo, OH 43604
Tel: 419-252-6251
Fax: 419-241-8599
jczarnecki@snlaw.com
Ohio Bar Number: 001305

5

## CERTIFICATE OF SERVICE

Thomas Anthony Durkin, Attorney at Law, hereby certifies that the foregoing Defendant Yahya Farooq Mohammad's Supplemental Motion for Disclosure Related to the FISA Amendments Act (FAA) was served on September 16, 2016, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.1, and LCrR 49.2, pursuant to the district court's system as to ECF filers.

/s/ Thomas Anthony Durkin
**THOMAS ANTHONY DURKIN**
2446 N. Clark Street
Chicago, Illinois 60614
(312) 981-0123
tdurkin@durkinroberts.com